*170 OPINION of the Court, by
Judge Owsley.
This action was brought by Withers against Smith in the court below, to recover damages for the trover and con *171 version of two negroes, purchased by Smith at a sheriff’s sale made in virtue of aJierifadas winch issued against the estate of Henry Field, in whose possession the ne- • groes wrere when seized by the sheriff, and had been for the space of 15 or 30 years previous thereto, but were claimed to be the absolute property of Withers, who appears to have loaned them to the wife of Field, in the state of Virginia, where Field was possessed of them ior about three years until he removed'to this country, and since then remained possessed in this state until the seizure by the sheriff.
a farol han of fl^ea in ^dí^brou'ht Li-held by the *Nfon to whom *d y years without demand onade by'dSfwt of law, is witlu in the fta-[^ko( void as to the editors of the
the purchafer at Aeriff’s faie *>»d nonce of he purchafed, does not avoid his. Put<*»fc.5 material *whe* ther the debt was contra<a'd pofleffion.
In the progress of the trial in the court below on the general issue, various questions were agitated ; but as such of them as are deemed material apply exclusively to the construction of tliat branch of the statute against frauds and perjuries relating to the loan of goods and chattels, a more precise statement of the case is thought unnecessary
that branch of the statute which more immediately forms the subject of consideration in the present case, provides that where any loan of goods and chattels shall b.e pretended to have been made to any person with whom, or those claiming under him, possession shall have remained for -the space of five years without de-mandmade and pursued by due process at law on the part of the pretended lender, the same shall be taken, as to the creditors and purchasers of the person aforesaid so remaining m possession, to be iraiululent within tins act, and the absolute property to be with the possession, &c. As slaves in almost every respect partake of the quality of chattels, there can be no, doubt but what they come within the provisions of the law. Such has been the construction of the courts of Virginia on their statute, similar in its provisions to ours, and such also has been the decision of this court in expounding our statute.
But it is urged that as the loan by Withers to Mrs. Field was made in the state of Virginia, thc'laws of that state, and not this, must govern the case. This position cannot, however, be admitted to be correct: for without deciding on the application of our statute, where neither the loan is made, nor the thing loaned possessed within the limits of this country, it is clear the legislature of this state possesses the power to regulate by law the effect which the remaining possessed of property in this *172 state any limited time shall have upon the loan, when, ever made, under which the possession was .taken ; and if they possess such a power, the statute in question evidently evinces the exercise of that power : for if the intention of the legislature is sought,'either from the Ian-, guage of the statute or from the mischiefs which must have been intended to be guarded against, it is equally obvious that a possession under a verbal loan wishin this country for. the space of five years, (wherever the loan may have been made) without a demand made and pursued by due process at law, was intended by the makers of the law to have the vitiating effect of making fraudulent, as to the creditors and purchasers of the person remaining possessed, all such loans ; and in the emphatic language of the statute, in every such case the absolute property is with the possession.
As, therefore, the possession of Field was of that description upon which the statute of this country clearly operates, the loan of Withers, though made in the state of Virginia, as to the creditors and purchasers of Field, is fraudulent, and cannot give him any right to reclaim the negroes.
It cannot be material whether Smith had notice of the loan to Field before he purchased- the negroes, or whether the creditor under whose execution the negroes were sold, became a creditor either before or after Field was possessed tor five years : for according to the plain and natural import of the language of the statute, the loan is void as to the creditors and purchasers generally, without any discrimination ; and to restrain its operation to one description in exclusion of any other, would be forming an exception to the law which the legislature have not themselves thought proper to make, and w ould open the door to the commission of perjuries in litiga-, ting the fact of notice, and in ascertaining the time when the debts of the person in possession were contracted : evils which the makers of the law must have intended to prevent, and which can alone be done by exclu-, ding all such inquiries.
The judgment of the court below must therefore be-affirmed with costs.