Judge Owsley
delivered the opinion of the court,
This ivas an action of detinue, brought by the appellants in the court below, to recover the possession of a family of slaves, held by the appellee under a purchase from a certain Augustus, who held the same by purchase from a certain William Furguson, the husband of Esther Allison and father of the appellants.
For the purpose of manifesting their right to the negroes, the appellants on the trial in the court below, introduced a deed of gift, executed in North Carolina, by their grandfather, James Allison, for the negro woman Lucy, one of those in contest and the mother of the others, to his daughter Esther (the mother of the appellants) during her life, and then to her children in remainder; and after shewing themselves to be the children of Esther, and praying the *7 delivery of the negro woman to her in that state, and her death; and after the evidence on the part of the appellee was also gone through, the court, on their motion, Instructed the jury, that unless they were convinced that the writing introduced as aforesaid by the appellants, was recorded within eight months after its execution, or that it was acknowledged in court and ordered to be recorded, they must find for the appellee, and the jury having returned a verdict. against the appellants, and judgment being rendered accordingly, they.brought the cause before this court.
. A deed of £ifc mi4.^IR3' («-limitations need not. be .)V months ofíts date; if it i» recorded be^ty beenpossess-ed by »noc.-; ef ^ years, it is sufficient.
Municipal regulation, will mot operate extra tewaionsm.
*7 We are of opinion the instructions of the court below cannot, upon any principle, be maintained.
It was, we apprehend, clearly irregular, to make the finding of the jury turn exclusively upon the question, whether or not, the writing was recorded within eight months from its date.
Upon the hypothesis, that our statute of frauds should govern the case, it was not essential for the writing to have been recorded within eight months. For, although, by a provision in the statute, “where any reservation or “limitation shall be pretended to have been made of a “use or property, by way of condition, reversion, remainder “or otherwise, in goods and chattels, the possession whereof “shall remain in another for the space of five years,” the same is declared fraudulent as to the creditors and purchasers of the property so remaining in possession, unless such reservation or limitation is declared by will or deed, in writing proved and recorded as the act directs. We appreheud a decía-ration in writing, suolfas is required by the law, if made, proved and recorded at any time within the five years, another may be possessed of the property, will, to every essential purpose, be a fulfilment of the requisitions of the law. Such has been the decision of the court of appeals of Virginia, in the case of Beasly and Owens, 3 Hen. Mum. 449, in relation to the provision of the statute, as to the loan of slaves, and such we suppose to be the obvious import of the act in relation to the reservation of a rémaindcr.
The propriety of this construction will be the more clearly illustrated in its application to the case now under consideration.
It will be perceived, that the writing in question was executed in the state of North Carolina, and as in all nicipal regulations, our statute should not be construed to *8 operate extra tcrritoriam, it would be obviously impropel to ma^e ^le ^ate °f writing have any effect in its application to the statute. .
If such a deed contain-servations* is recorded ⅛ ter the prop-Bos^wsedbv iuiother five years within ⅛¾ as to 'creditors and pur-chasersofthe ° er‘
Littdl for appellant, Hardin for appellee'.
But, although the writing was executed.out of the state, ye^ as was jlej(} ¡n case of Smith and Withers, 4 Bibb, 170, a possession such as is demanded in the act for the space of five years within the state, will have the vitiating effect of making void the pretended reservation, as to the creditors and purchasers of the person possessed, unless declared, proved and recorded; but as it is the possession within the state, which, in the language of the act, unites the absolute property with the possession, it would seem to follow, that a record of the reservation or limitation, at any time before the property, by being possessed within the state, unites, with the possession, will save the operation of the statute.
But as the possession for five years in another constitutes reservation fraudulent under the statute, no record ma<R after the lapse of such a possession, can affect the claims of purchasers, whether they may have become such either before or after the mailing such a record.
At whatever period they may have acquired the appella-lion, in both instances they are in the words of the act, creditors and purchasers, and by avoiding, at their instance, the reservation or limitation, the letter of the act will not only be better preserved, but as all enquiries into the time of their becoming creditors or purchasers, will be thereby excluded, the prevention of perjury, one of the mischiefs designed to be-remedied by the act, will be the more certainly attained.
The judgment must be reversed, with cost; the causé remanded, and further proceedings had; not inconsistent with this opinion.